WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

William Bowles,

      Plaintiff,

v.

United States of America,

      Defendant.

No. CV11-1474 PHX DGC

**ORDER**

Plaintiff William Bowles filed a complaint on July 27, 2011, alleging that he was "defamed and painted in a false light." Doc. 1 ¶ 21. The complaint also alleges that Defendant harassed and retaliated against Plaintiff, and that Defendant intentionally inflicted emotional stress on Plaintiff. *See id.* ¶¶ 7, 20.

The claims arise out of Plaintiff's employment with United States Customs and Border Protection ("CBP"). Doc. 1. According to the complaint, Plaintiff was at a firing range when he observed a co-worker, Robert Martinez, in possession of alcohol. *Id.* ¶ 4. Believing this was against CBP policy, Plaintiff reported the incident to the range master, who in turn reported the incident to the supervisor on duty, Mr. Martinez's wife Susan. *Id.* ¶ 5. Mrs. Martinez concluded that her husband's alcohol possession was not a policy violation, and the alcohol remained on the range. *Id.* Plaintiff later reported this incident to his superior. *Id.* ¶ 6. When Plaintiff was not contacted for investigation as he assumed he would be, Plaintiff reported the incident to the San Diego Field Office. *Id.* A short time after Plaintiff reported the incident to the field office, Mr. Martinez was "stripped of his 'acting' supervisory role." *Id.*

Ten days later, CBP sent Plaintiff a letter cataloguing Plaintiff's "unacceptable" behaviors. *Id.* ¶ 7. Plaintiff maintains that all the behaviors contained in the letter are in some way inaccurate, misleading, or untrue. *Id.* ¶¶ 8–15. Since receiving the letter, Plaintiff has been the subject of an investigation with possibly other investigations in progress. *Id.* ¶¶ 16–19. Plaintiff claims that the letter and the investigations are in retaliation for Plaintiff's report of alcohol on the firing range. *Id.* ¶ 20. Plaintiff further claims that these actions amount to harassment that creates a hostile work environment, and that they have caused him severe emotional distress. *Id.*

Defendant moves to dismiss the complaint under Rules 12(b)(1) and (6). Doc. 6. Defendant argues that the Court lacks subject matter jurisdiction because Plaintiff's claims are barred by § 2680(h) of the Federal Tort Claims Act ("FTCA"). *Id.* at 6. Even if the claims are not barred, Defendant argues that Plaintiff has failed to state a claim. *Id.* at 9. Plaintiff concedes that his false light claim is barred by § 2680(h), but maintains that the emotional distress, retaliation, and hostile work environment claims are not barred and are sufficiently pleaded. Doc. 7 at 7–11. Defendant responds that Plaintiff has no claim for either retaliation or hostile work environment because he has not alleged that he engaged in a protected activity as required by Title VII. Doc. 10 at 1. Defendant also argues that, along with the false light claim, the FTCA bars Plaintiff's emotional distress claim. *Id.* at 2.

The parties have not requested oral argument. For the reasons stated below, the Court will grant Defendant's motion to dismiss.

**I.   Legal Standards.**

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) can be either a facial or factual attack on the allegations. *Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). A facial attack occurs when the moving party asserts that the allegations contained in the complaint are "insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a factual attack, the moving party "disputes the truth of

the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.*

If the attack on jurisdiction is facial, the complaint's factual allegations are taken as true and construed in favor of the non-moving party. *Jacobson v. Katzer*, 609 F. Supp. 2d 925, 930 (N.D. Cal. 2009) (citing *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996)). If the attack is factual, the plaintiff's allegations are not entitled to a presumption of truthfulness, a court may look beyond the pleadings to resolve factual disputes, and the plaintiff has the burden of proving jurisdiction in fact exists. *Safe Air for Everyone*, 373 F.3d at 1039.

When analyzing a complaint for failure to state a claim under Rule 12(b)(6), the well-pleaded factual allegations "'are taken as true and construed in the light most favorable to the nonmoving party.'" *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (citation omitted). Legal conclusions couched as factual allegations "are not entitled to the assumption of truth," *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009), and therefore "'are insufficient to defeat a motion to dismiss for failure to state a claim,'" *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010) (citation omitted). To avoid a Rule 12(b)(6) dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

**II.   Analysis.**

Defendant's 12(b)(1) motion to dismiss is a facial attack because Defendant, for purposes of arguing its motion, does not substantially challenge the truth of the underlying facts in the complaint. Thus, under both 12(b)(1) and (6), the Court will assume the facts contained in the complaint to be true.

1    Because Plaintiff concedes that his defamation and false light claims are barred
2 by the FTCA, those claims will be dismissed. Thus, the only claims that remain are for
3 intentional infliction of emotional distress, and for retaliation and hostile work
4 environment under Title VII. The Court will consider each in turn.

5    **A.   Intentional Infliction of Emotional Distress.**

6    The FTCA provides a limited waiver of the government's sovereign immunity for
7 certain tort claims. 28 U.S.C. §§ 1346(b), 2671–80; *United States v. S.A. Empresa de*
8 *Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 807–08 (1984). Section
9 2680(h) provides that the government remains immune from suits for "[a]ny claim
10 arising out of . . . libel, slander, misrepresentation, deceit, or interference with contract
11 rights." Both parties agree that the defamation and false light claims, though not
12 explicitly enumerated in the statute's exceptions, are barred because they arise out of
13 libel and slander. Doc. 7 at 7; Doc 6 at 8–9. The parties disagree whether the emotional
14 distress claim is similarly barred.

15    Courts are split on whether the FTCA bars claims beyond those explicitly listed
16 in § 2680(h). *Compare Gross v. United States*, 676 F.2d 295, 304 (8th Cir. 1982)
17 (holding that FTCA does not bar intentional infliction of emotional distress claim
18 because it is not enumerated in the statute) *and Black v. Sheraton Corp. of Am.*, 564 F.2d
19 531, 539–40 (D.C. Cir. 1977) (holding that invasion of privacy claim was not barred by
20 statute) *with Metz v. United States*, 788 F.2d 1528, 1532–36 (11th Cir. 1986) (holding
21 that false light and intentional infliction of emotional distress claims are barred by FTCA
22 when the underlying government conduct essential to the plaintiff's claim constitutes an
23 excepted cause of action).

24    The Ninth Circuit holds that the FTCA bars claims not listed in the statute. *See,*
25 *e.g.*, *Thomas-Lazear v. F.B.I.*, 851 F.2d 1202, 1206–07 (9th Cir. 1988) (citing *Metz*, 788
26 F.2d at 1535, and holding that negligent infliction of emotional distress claim is barred
27 because the underlying government conduct constituted slander). In *Sheehan v. United*
28 *States*, 896 F.2d 1168 (9th Cir. 1990), the Ninth Circuit explained that "§ 2680(h) bars

suit for claims *based on* conduct which constitutes one of the excepted torts, and bars suit for no other claims." *Id.* at 1171 (emphasis added). The government's conduct, then, is the touchstone for determining whether § 2680(h) bars Plaintiff's emotional distress claim. If Defendant's conduct giving rise to the emotional distress claim constitutes one of the torts listed in § 2680(h), Plaintiff's claim must be dismissed.

Plaintiff's complaint provides a very thorough account of the allegedly tortious conduct, and devotes nearly all of its allegations to defamation-type acts. Plaintiff alleges that Defendant issued a false and defamatory letter, and that Defendant's employees painted him in a false light. Plaintiff's distress arises from his damaged reputation. Thus, the underlying government actions constitute libel- and slander-type actions listed in § 2680(h). *See Sheehan*, 896 F.2d at 1171 (stating that to allow a plaintiff to proceed on a claim not listed in the statute, but that constitutes a cause of action listed in the statute, would be to allow a plaintiff to evade the substance of § 2680(h)). The Court must dismiss this claim for lack of subject matter jurisdiction under Rule 12(b)(1).

**B.     Retaliation.**

Title VII makes it unlawful for "an employer to discriminate against [an employee] . . . because he has opposed any practice made an unlawful employment practice" by Title VII. 42 U.S.C. § 2000e-3(a). In order to state a Title VII retaliation claim, "an employee must show that (1) he engaged in a protected activity; (2) his employer subjected him to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse action." *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000) (citing *Steiner v. Showboat Operating Co.*, 25 F.3d 1459, 1464 (9th Cir.1994)). An employee engages in a "protected activity" when the employee complains about or protests conduct that the employee reasonably believes constitutes an unlawful employment practice. *Trent v. Valley Elec. Ass'n Inc.*, 41 F.3d 524, 526 (9th Cir. 1994) (citing *E.E.O.C. v. Crown Zellerbach Corp.*, 720 F.2d 1008, 1013 (9th Cir. 1983)).

Plaintiff claims that he engaged in a protected activity when he reported the alcohol at the firing range. Doc. 7 at 9. But Plaintiff has failed to show that he reasonably believed he was complaining about an employment practice made unlawful by Title VII. Indeed, it seems hard to imagine how an individual co-worker possessing alcohol in violation of an employer's policy amounts to an employment practice at all, let alone one that Title VII makes unlawful. Some examples of protected activities include filing an E.E.O.C complaint, *Ray*, 217 F.3d at 1240, protesting a company policy that requires certain races to be treated differently, *Moyo v. Gomes*, 40 F.3d 982, 985 (9th Cir. 1994), and complaining to the employee's general manager about being denied accommodations for religious beliefs, *E.E.O.C. v. Hacienda Hotel*, 881 F.2d 1504, 1514 (9th Cir. 1994), *overruled on other grounds by Burrell v. Star Nursery, Inc.*, 170 F.3d 951 (9th Cir. 1999). The alcohol possession that Plaintiff complained about is not an employment practice prohibited by Title VII. Plaintiff therefore has failed to state a claim for retaliation.

### C. Hostile Work Environment.

The Ninth Circuit recognizes a claim for hostile work environment under Title VII's anti-retaliation provision. *Ray*, 217 F.3d at 1245. As with retaliation, however, an employee's participation in a protected activity is a necessary element of this claim. *Id.* ("Harassment as retaliation *for engaging in a protected activity* should be no different [than harassment based on race or gender]" (emphasis added)). Because Plaintiff has not engaged in a protected activity, the complaint does not properly state a claim for hostile work environment.

**IT IS ORDERED**:

1. Defendant's motion to dismiss (Doc. 6) is **granted**.
2. The Clerk is directed to terminate this action.

Dated this 13th day of December, 2011.

_____
David G. Campbell
United States District Judge